UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOGAN M. DUNSTON,
      Plaintiff,

vs.                        Case No.: 3:24cv00185/MCR/ZCB

CARRINGTON MORTGAGE
SERVICES LLC,
      Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* in this case against Defendant Carrington Mortgage Services. (*See* Doc. 1). Defendant has moved to dismiss. (Doc. 8). Plaintiff has responded in opposition. (Doc. 11). For the reasons below, the motion to dismiss should be granted.

## I.    Background[1]

Plaintiff's complaint names Carrington Mortgage Services, LLC as the sole Defendant. (Doc. 1 at 1). Although Plaintiff's complaint is somewhat hard to follow, it appears that on August 2, 2021, Plaintiff executed a promissory note with University Lending Group LLC—who is

---

[1] At this stage, the Court assumes the factual "allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

not a party to this action—for a loan in the amount of $271,095.00. (*Id.* at 6-7). The loan was secured by a mortgage on real property located at 1716 Colonial Ct., Fort Walton Beach, Florida 32547. (*Id.* at 1). It appears Plaintiff's mortgage is currently owned by Ginnie Mae REMIC Trust 2021-154. (*Id.* at 15). As for Defendant, Plaintiff alleges "Defendant is a member of the National Banking Association" who engages in business within the State of Florida. (*Id.* at 3).

Plaintiff alleges Defendant concealed the "terms of the Deed of trust contract(s) a cross acceptance of which the Sureties . . . would accept ownership of the real property collateral for executing an accommodation negotiable instrument on behalf of the Defendant." (*Id.* at 13). Plaintiff further alleges "Defendant concealed a third party Securitizer [sic], as well as the terms of the Securitization Agreements." (*Id.* at 14). Plaintiff alleges that concealing this "had a materially negative effect" on her. (*Id.*).

Additionally, Plaintiff contends Defendant "fraudulently sold unregistered securities" because "[n]o registration statement was filed or in effect with the Commission" as required by the Securities Act. (*Id.* at 16-17). And Plaintiff alleges that Defendant violated Generally Accepted

Accounting Principles (GAAP), for which she seeks recoupment and disgorgement. (*Id.* at 19-22).

As relief, Plaintiff seeks the return of the original promissory note and all the money she has paid to Defendant, as well as "all other documents pertaining to ownership of real property in question." (*Id.* at 23). She also seeks between $100,000 and $2,000,000 in damages. (*Id.* at 24).

## II.    Discussion

### A.    Personal jurisdiction

Defendant first moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the basis that Plaintiff has failed to establish personal jurisdiction. (Doc. 8 at 4.) According to Defendant, personal jurisdiction is lacking because Plaintiff failed to provide the Court with proper proof of service as required by Rule 4(*l*)(1). (*Id.*).[2] In response to that argument, Plaintiff has filed an affidavit from a process server attesting that on June 26, 2024, service was completed on "Christopher Rivera, who is designated by law to accept service of process on behalf of

---

[2] Defendant has not provided any other basis for dismissing the complaint based on lack of personal jurisdiction aside from Plaintiff's failure to provide proof of service.

[Defendant]." (Doc. 11 at 72). Because it appears Plaintiff has now provided proof service as required by Rule 4(*l*)—and that was the basis for Defendant's personal jurisdiction argument—the Court will proceed to address Defendant's arguments as to why dismissal on the merits is warranted.

## B.    Failure to state a claim

Defendant has also moved to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 8 at 1). When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept the complaint's allegations as true and construe the facts in the light most favorable to the plaintiff. *Robinson v. Liberty Mutual Ins. Co.*, 958 F.3d 1137, 1139 (11th Cir. 2020). To survive dismissal, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiff[] must state a claim to relief that is plausible on its face." *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal cite omitted).

The pleadings of *pro se* litigants are to be liberally construed. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). "Despite the leniency afforded *pro se* plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

### 1. Fraudulent concealment claim

In support of its motion to dismiss the fraudulent concealment claim, Defendant first argues that Plaintiff and the mortgage lender agreed that her mortgage note (or a partial interest in the note) "could be sold one or more times without notice" to Plaintiff. (Doc. 8 at 5). To support its assertion, Defendant attaches Plaintiff's lending agreement that contains this provision. (*See* Doc. 8-1 at 9).[3]  Defendant contends

---

[3] Plaintiff has also attached the agreement to her opposing response. (*See* Doc. 11 at 32-41). And the document was central to the allegations in the complaint and its contents are undisputed. Thus, the Court may consider the document when ruling on the motion to dismiss. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (stating that a district court may consider a document attached to a motion to dismiss without converting the motion to one for summary judgment if the document is "(1) central to the plaintiff's claim; and (2) undisputed").

that because Plaintiff agreed to the sale provision, she cannot state a
fraudulent concealment claim when "she was not informed her loan could
be sold in partial interests." (Doc. 8 at 6). And importantly, because
Defendant was not the original lender, it did not make any
representations to Plaintiff—fraudulent or otherwise—during the
origination of the loan. (*Id.*). Defendant, therefore, contends Plaintiff
has failed to plausibly allege a fraudulent concealment claim against
Defendant. (*Id.*). The Court agrees.

A fraudulent concealment claim requires a plaintiff to plausibly
allege:

> (1) a misrepresentation or omission of a material fact; (2)(a)
> knowledge of the representor of the misrepresentation or (b)
> representations made by the representor without knowledge
> as to either the truth or falsity, or (c) representations made
> under circumstances in which the representor ought to have
> known, if he did not know, of the falsity thereof; (3) an
> intention that the representor induce another to act on it; and
> (4) resulting injury to the party acting in justifiable reliance
> on the representation.

*Smith v. Panera Bread*, No. 08-60697, 2009 WL 10666948, at *3 (S.D.
Fla. March 23, 2009); *see also Aguilo v. Cognizant Tech. Sols. U.S. Corp.*,
No: 8:21-cv-2054, 2022 WL 2106077, at *3 (M.D. Fla. June 10, 2022)
(determining that a fraudulent concealment claim requires alleging the

particulars of "the who, what, when, where, and how" of concealment).

Claims of fraudulent concealment must be alleged with particularity. *See*

Fed. R. Civ. P. 9(b); *see also Lucky Capital Mgmt. v. Miller & Martin,*

*PLLC*, 762 F. App'x 719, 726 (11th Cir. 2019) (explaining that "fraud-

based allegations must be pleaded with particularity"). In other words,

a complaint alleging fraudulent concealment must state: "(1) precisely

what statements were made; (2) the time and place of each statement

and the person responsible for making the statement; (3) the content of

each statement and how those statements misled the plaintiff; and [(4)]

what the defendants obtained as a consequence of the fraud." *Graveling*

*v. Castle Mortg. Co.*, 631 F. App'x 690, 694 (11th Cir. 2015).

Here, Plaintiff executed a promissory note with University Lending

Group, LLC, who is not a party to this action. (Doc. 1 at 7). A term in

the loan agreement with University Lending Group states that the note

(or a partial interest in the note) could be sold without prior notice to

Plaintiff. (*See* Doc. 8-1 at 9). Plaintiff signed that agreement. (*See id.* at

10). It appears Plaintiff is now alleging fraud was committed against her

because such an interest in her note was sold without first informing her.

But Plaintiff has not identified a misrepresentation or concealment by

Defendant.  Indeed, Plaintiff has not alleged that Defendant Carrington Mortgage Services was involved in the origination of the loan when the agreement was executed.

As Defendant points out, a party "cannot be liable for concealing 'something' when it had nothing to do with the purported concealment." (Doc. 8 at 6).  And Plaintiff has not identified any precise statements by Defendant and/or when and where they were made; nor has Plaintiff alleged what Defendant obtained as a consequence of its statements.  In short, Plaintiff has failed to plausibly allege a fraudulent concealment claim against Defendant.  *See, e.g., Smith*, 2009 WL 10666948, at *3 (dismissing a *pro se* complaint alleging fraudulent concealment when the plaintiff did not "describe particular false statements of material fact" made by the defendant); *Thurn v. Kimberly-Clark Corp.*, No. 8:22-cv-2526, 2023 WL 4455630, at *5 (M.D. Fla. July 11, 2023) (dismissing a *pro se* fraudulent concealment claim when the plaintiff's allegations did not "allege what, if any, statements [Plaintiff] received and relied upon" prior to the transaction).  Accordingly, Defendant's motion to dismiss the fraudulent concealment claim should be granted.

## 2. Securitization and securities violations claim

Defendant has also moved to dismiss Plaintiff's "securitization and securities violations" claim. (Doc. 8 at 8). With respect to the securitization claim, Defendant argues that Plaintiff lacks standing to challenge the securitization of the mortgage. (*Id.* at 7). Defendant is correct.

Here, Plaintiff took out a home loan from University Lending Group. That loan was secured by a mortgage. It appears that mortgage was subsequently securitized and is currently owned by Ginnie Mae REMIC Trust 2021-154. Although not entirely clear, Plaintiff seems to be claiming that the securitization of her mortgage was improper and, therefore, invalid. To the extent that is what she is claiming, she lacks standing to bring such a claim.[4] There is a "judicial consensus" that "a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing

---

[4] The standing doctrine is rooted in Article III's case or controversy requirement. To have standing, a plaintiff must have suffered an actual or imminent injury, that is fairly traceable to the defendant, and it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement." *McGill v. Impac CMB Trust Series 2007-A*, No. 6:12-cv-1142, 2013 WL 1912787, at *2-3 (M.D. Fla. Apr. 11, 2013) (cleaned up); *see also Altier v. Fed. Nat'l Mortg. Ass'n*, 2013 WL 6388521, at *3 (N.D. Fla. Dec. 6, 2013) (holding that plaintiffs "have no standing to challenge the validity of the [mortgage] Assignment because they are not a party to the Assignment"); *Kerr v. Wells Fargo Bank, NA*, No. 2:15-cv-327, 2015 WL 8042272, at *3 (M.D. Fla. Dec. 7, 2015) (finding that plaintiffs lacked standing to challenge the validity of their mortgage's securitization and assignment "because they were not parties to the mortgage assignment"). Plaintiff was not a party to the agreement that resulted in the securitization of her mortgage. Thus, she lacks standing to challenge the securitization.

Defendant has also moved to dismiss Plaintiff's claim that Defendant violated Section 5 of the Securities Act of 1933 by selling unregistered securities. (Doc. 8 at 8).

> The elements of a prima facie section 5 violation are: (1) absence of an effective registration statement covering the securities in question; (2) the offer or sale of the securities; and (3) the use of the mails, or any means or instruments of transportation or communication in interstate commerce in connection with the sale or offer.

*Sec. Exch. Comm'n v. Unique Fin. Concepts, Inc.*, 119 F. Supp. 2d 1332, 1339 (11th Cir. 1998). If an issuer violates Section 5, then the issuer is liable to the person purchasing such security under "Section Twelve." *See* 15 U.S.C. § 77l(a)(1). "Section 12(1) will allow a *purchaser* to recover his investment regardless of whether he can show any degree of fault, negligent or intentional, on the seller's part." *Raiford v. Buslease, Inc.*, 825 F.2d 351, 354 (11th Cir. 1987) (cleaned up) (emphasis added).

As Defendant persuasively argues, Plaintiff has failed to state a plausible Section 5 claim because she has not alleged "how, to whom, where, or when [Defendant] sold these 'unregistered securities.'" (Doc. 8 at 7). Instead, Plaintiff merely alleges in a conclusory fashion that Defendant sold unregistered securities. Plaintiff's "[c]onclusory allegations and legal conclusions are not sufficient" to state a claim for relief. *Pedro*, 868 F.3d at 1279.

Moreover, Plaintiff has not alleged that she was the purchaser of one of the allegedly unregistered securities. And "Section 12 . . . provides a remedy for violations of Section 5 only to purchasers of securities." *Wolf*

*v. Frank*, 477 F.2d 467, 479 (5th Cir. 1973)[5]; *see also Licht v. Watson*, 567 F. App'x 689, 691 (11th Cir. 2014) (explaining that "civil liability" for selling an unregistered security "is limited to the person purchasing such security from" the seller) (cleaned up).   Because Plaintiff has failed to plausibly allege that she purchased an unregistered security from Defendant, she cannot pursue a claim for relief against Defendant under Sections 5 and 12 of the Securities Act.   Accordingly, Plaintiff's sale of unregistered securities claim should be dismissed.

### 3.    Recoupment and disgorgement claim

Next, Defendant seeks dismissal of Plaintiff's claim for recoupment and disgorgement.    (Doc. 8 at 8-9).    Defendant argues Plaintiff's complaint "does not establish how she has standing to bring an action for disgorgement of amounts she claims are set aside in an escrow account managed by [Defendant]."  (*Id.* at 9).  Defendant contends that Plaintiff cannot have a claim for recoupment in this action against Defendant because recoupment is "a defense for a deduction in damages sought against her," but here, Plaintiff is the one bringing the suit, and

---

[5] Decisions from the former Fifth Circuit rendered prior to September 30, 1981, are binding in the Eleventh Circuit.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Defendant has not sought damages against her. (*Id.*). The Court agrees with Defendant.

Recoupment "permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff." *Richmond Manor Apts., Inc. v. Certain Underwriters at Lloyd's London*, No. 09-60796, 2011 WL 13175618, at *8 (S.D. Fla. Feb. 28, 2011) (cleaned up). A recoupment claim requires showing that "(1) the recoupment claim arises out of the same transaction or occurrence as the plaintiffs' suit, (2) the recoupment claim seeks the same type of relief as is sought by the plaintiffs, and (3) the recoupment claim is purely a defensive set-off and does not seek affirmative recovery from the plaintiffs." *Id.* (cleaned up). In Florida, "recoupment is a purely *defensive* matter springing from the same transaction as the plaintiffs' cause of action, which is available *only* to reduce or satisfy a plaintiffs' claim." *Sundale, Ltd. v. Fla. Assocs. Enters., LLC (In re Sundale, Ltd.)*, 499 F. App'x 887, 892 (11th Cir. 2012) (emphasis added).

Here, although Plaintiff seeks to "recoup" funds from Defendant, Defendant has not alleged a claim against Plaintiff. And "recoupment is a purely defensive matter"—not one for Plaintiff to proactively assert.

13

*See id.* Defendant has not asserted any counterclaim against Plaintiff. Because Plaintiff has not been placed in a "defensive" position from which she could seek recoupment, she has not stated a plausible claim for recoupment.

Disgorgement is an "equitable remedy that anticipates depriving the wrongdoer of his ill-gotten gain." *S.E.C. v. Huff*, 758 F. Supp. 2d 1288, 1358 (S.D. Fla. 2010). "Because disgorgement is remedial and not punitive, a court's power to order disgorgement extends only to the amount with interest by which the defendant profited from his wrongdoing." *Id.* (cleaned up). In the securities context, the remedy of disgorgement "is a distinctly public-regarding remedy, available only to government entities seeking to enforce explicit statutory provisions." *F.T.C. v. Bronson Partners, LLC*, 654 F.3d 359, 372 (2d Cir. 2011). Thus, "where disgorgement is sought, it is the government, not the victim of the wrongdoing, who seeks to recover the defendant's unlawful gains." *Id.*; *see also Kokesh v. S.E.C.*, 581 U.S. 455, 464 (2017) (explaining that disgorgement in the securities context is to remedy a violation "committed against the United States," and is designed to serve "the

14

public interest, to remedy a harm to the public at large, rather than standing in the shoes of particular injured parties").

In this case, Plaintiff—a private citizen—is seeking disgorgement from Defendant based on securities violations. Because disgorgement in the securities context is a remedy to be sought by the government and not an alleged victim, Plaintiff cannot prevail on her disgorgement claim. Moreover, Plaintiff's complaint fails to explain in a coherent manner how Defendant profited from engaging in wrongdoing that would warrant the remedy of disgorgement. Accordingly, Plaintiff's claim seeking disgorgement should be dismissed.

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 8) be **GRANTED**, and the claims in Plaintiff's complaint be **DISMISSED** for failure to state a claim on which relief can be granted.

2. The Clerk of Court be directed to enter judgment in accordance with this order and close this case.

At Pensacola, Florida this 14th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice to the Parties**

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.