UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LOGAN M DUNSTON,
    Plaintiff,

vs.                            Case No.:  3:24-cv-185/MCR/ZCB

CARRINGTON MORTGAGE
SERVICES LLC,
    Defendant.
_____/

## ORDER

    The Magistrate Judge issued a Report and Recommendation ("R&R") on August 14, 2024, ECF No. 13, recommending the Court grant Defendant Carrington Mortgage Services, LLC's ("Carrington") Motion to Dismiss, ECF No. 8, and dismiss Plaintiff Logan M. Dunston's Complaint, ECF No. 1, for failure to state a claim on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The Parties were furnished a copy of the R&R and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Dunston timely objected and largely rehashed her arguments that she sufficiently pleaded claims of fraudulent concealment (Count I), securitization and securities violations (Count II), and disgorgement and recoupment (Count III) against Carrington.  *See* ECF Nos. 1, 11, 14.  Carrington did not object to the R&R but instead asserted that the Magistrate

Judge correctly concluded Dunston failed to state any claims for relief.  *See* ECF No. 15.

The undersigned has made a *de novo* determination of Dunston's objections and agrees with the Magistrate Judge's recommendation that Carrington's Motion to Dismiss should be granted because Dunston has not pleaded facts sufficient to support the claims and prayed for relief in her Complaint.  First, Dunston's fraudulent concealment claim fails because (1) the allegedly concealed terms of her loan are stated clearly in the loan agreement, *see* ECF No. 8-1 at 9; ECF No. 11 at 39, and (2) Carrington is not the original lender, and thus, could not have made the alleged misrepresentations to Dunston about the terms of her loan.[1]  Second, Dunston's claims for securitization and securities violations fail because she did not plausibly allege facts to establish standing.[2]  Third, and for similar reasons, Dunston does not allege a cognizable claim for disgorgement and recoupment.[3]

---

[1] *See* ECF No. 13 at 5-8; *see also Lamb v. Graco Children's Prod. Inc.*, No. 4:11CV477-RH/WCS, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012) ("To state a fraudulent-concealment claim, a plaintiff must allege: (1) the *defendant* concealed or failed to disclose a material fact; (2) the *defendant* knew or should have known the material fact should be disclosed; (3) the *defendant* knew its concealment of or failure to disclose the material fact would induce the plaintiff to act; (4) the *defendant* had a duty to disclose the material fact; (5) the plaintiff detrimentally relied on the misinformation; and (6) the plaintiff's reliance was reasonable.") (emphasis added) (citing *R.J. Reynolds Tobacco Co. v. Martin*, 53 So. 3d 1060, 1068 (Fla. 1st DCA 2010); *Gulf Winds Fed. Credit Union v. Firestone Bldg. Prod. Co.*, No. 3:07CV468-RS, 2008 WL 360623, at *5 (N.D. Fla. Feb. 8, 2008) ("A fraudulent concealment claim is subject to Fed. R. Civ. P. 9(b)'s requirement that the circumstances constituting fraud shall be stated with particularity.") (internal citations omitted).

[2] *See* ECF No. 13 at 9-12.

[3] *See id.* at 13-15.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation, ECF No. 13, is adopted and incorporated by reference in this Order.

2. The Carrington's Motion to Dismiss, ECF No. 8, is **GRANTED**, and the claims in Dunston's Complaint, ECF No. 1, are **DISMISSED** for failure to state a claim on which relief can be granted.

3. The Clerk of Court is directed to enter judgment in accordance with this Order and close the case.

**DONE AND ORDERED** this 9th day of October 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**